**Donald Arthur EUSTIS, Appellant**

v.

**The STATE of Texas, Appellee.**

**No. 14–04–01004–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

April 25, 2006.

---

Stephen Christopher Taylor, Humble, for appellants.

Stephanie S. Stroud, Huntsville, for appellees.

Panel consists of Justices ANDERSON, EDELMAN, and FROST.

## OPINION

KEM THOMPSON FROST, Justice.

Appellant Donald Arthur Eustis appeals his conviction of aggravated assault, asserting (1) the evidence is legally insufficient to support his conviction, and (2) the trial court denied his right to confront and cross-examine witnesses used against him. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On November 10, 2002, Sergeant Ron Cleere of the Huntsville Police Department received a call from dispatch. He was asked to respond to an anonymous call about a woman who was possibly in danger and may have been beaten by a baseball bat. The caller identified the woman as "Julianna" and gave her location in Huntsville. Sergeant Cleere immediately went to the residence in question and found appellant standing in the yard talking to another man. Sergeant Cleere told appellant that he was there in response to a welfare call and asked to speak to Julianna, who was later identified as appellant's wife. Appellant, clearly angry, stated that his wife was picking up their children from school.

Sergeant Cleere, under the belief that appellant was lying, drove to the school to look for Julianna and the children. When he was unsuccessful in locating them, he returned to the residence and questioned appellant again about his wife's whereabouts. Appellant responded that his wife may have gone shopping or "something" with the children because she was not at home. Sergeant Cleere, very concerned, asked appellant for permission to search the inside of the house. Appellant became defensive and responded that he knew his "rights" and refused consent.

Sergeant Cleere then attempted to call Assistant District Attorney Jack Choate to determine whether he had probable cause to enter the house without a warrant. At about that time, the couple's two children, whom appellant had claimed were with Julianna, arrived at the residence via the school bus. Sergeant Cleere summoned the older child, Roxanne, who was about eight or nine years old at the time, to come and talk to him. Appellant yelled at Roxanne, "Don't talk to him, don't say a word." Roxanne continued to walk toward Sergeant Cleere, who explained to the young girl that he wanted to check and see if her mother was alright. Roxanne re-

sponded, "I'm not supposed to tell." After this statement, Sergeant Cleere directed another officer to take appellant into custody while he went into the house to try and find Julianna. Sergeant Cleere located Julianna in the bathtub in dirty, brownish colored water. It was apparent that Julianna had been severely beaten, and was in extreme pain. Her body was covered with bruises, contusions, and open wounds.

Sergeant Cleere called emergency medical services and instructed Officer Dugas to arrest appellant. Sergeant Cleere took several photographs of Julianna and the crime scene while waiting for the medical personnel to arrive. Julianna was then transported to Huntsville Memorial Hospital where she was treated for two broken arms, two broken legs, multiple contusions and injuries that were all over her body. The wounds were at different stages of healing which indicated that they had been inflicted at various times. After treatment, Julianna had either a splint or a cast on each of her four extremities.

Detective Slaven Richards of the Huntsville Police Department visited Julianna in the hospital and took an oral statement from her about the events that led to her injuries. At this time, Julianna, despite her wretched physical condition, was very alert and cooperative. Her statement implicated appellant as her assailant. Detective Richards had his notes transcribed into a typed statement. Julianna, however, did not sign this statement because both of her hands were broken and bound with bandages. At appellant's trial, Julianna testified that she did not remember giving this statement to the police and could not remember who inflicted her injuries.

A jury convicted appellant of aggravated assault causing serious bodily injury and sentenced him to twenty years' confinement in the Texas Department of Criminal Justice, Institutional Division. Challenging his conviction, appellant asserts that: (1) the "admissible" evidence introduced at trial is legally insufficient to support his conviction for aggravated assault causing serious bodily injury; and (2) the trial court committed reversible error in admitting Julianna's unsigned statement (Exhibit 19) and denied appellant his constitutional right to confront and cross-examine witnesses used against him.

## II. ANALYSIS

### A. Is the evidence legally insufficient to support appellant's conviction of aggravated assault causing serious bodily injury?

In his first issue, appellant argues that the admissible evidence introduced at trial is legally insufficient to support his conviction. In evaluating a legal-sufficiency challenge, we view the evidence in the light most favorable to the verdict. *Wesbrook v. State,* 29 S.W.3d 103, 111 (Tex.Crim.App.2000). The issue on appeal is not whether we, as a court, believe the State's evidence or believe that appellant's evidence outweighs the State's evidence. *Wicker v. State,* 667 S.W.2d 137, 143 (Tex. Crim.App.1984). The verdict may not be overturned unless it is irrational or unsupported by proof beyond a reasonable doubt. *Matson v. State,* 819 S.W.2d 839, 846 (Tex.Crim.App.1991). The jury, as the trier of fact, "is the sole judge of the credibility of the witnesses and of the strength of the evidence." *Fuentes v. State,* 991 S.W.2d 267, 271 (Tex.Crim.App. 1999). The jury may choose to believe or disbelieve any portion of the witnesses' testimony. *Sharp v. State,* 707 S.W.2d 611, 614 (Tex.Crim.App.1986). When faced with conflicting evidence, we presume the trier of fact resolved conflicts in favor of the prevailing party. *Turro v. State,* 867 S.W.2d 43, 47 (Tex.Crim.App.

1993). If any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, we must affirm. *McDuff v. State*, 939 S.W.2d 607, 614 (Tex.Crim.App.1997). "In assessing the sufficiency of the evidence to support a conviction, a reviewing court must consider *all* evidence which the jury was permitted, whether rightly or wrongly, to consider." *Johnson v. State*, 871 S.W.2d 183, 186 (Tex.Crim.App.1993) (emphasis added).

A person commits aggravated assault if the person commits an assault and the person causes serious bodily injury to another. TEX. PEN.CODE ANN. § 22.02(a)(1) (Vernon Supp.2005). Bodily injury means physical pain, illness, or any impairment of physical condition. TEX. PEN.CODE ANN. § 1.07(a)(8) (Vernon Supp.2005). Serious bodily injury means bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of any body member or organ. TEX. PEN. CODE ANN. § 1.07(a)(46) (Vernon Supp. 2005).

Appellant contends that the evidence is legally insufficient because Julianna did not identify appellant as the individual who caused her injuries; and there is no evidence that the injuries sustained by Julianna meet the definition of "serious bodily injury." We disagree.

There is ample evidence in the record to show that appellant inflicted serious bodily injury on Julianna. Law enforcement officers found Julianna in dire physical condition at the home she shared with her children and appellant. Law enforcement officers were prompted to make a welfare call to the family's residence because an anonymous caller was obviously concerned for Julianna's safety and had reason to believe she had been hurt or was in grave danger. Appellant was the only person at the residence at the time Sergeant Cleere arrived. Appellant was uncooperative and refused to let Sergeant Cleere enter the home. He lied to the officer about Julianna's whereabouts, stating at one point that she was picking the children up from school and later that she was shopping or doing "something" but that she was not at home. When the children arrived on the school bus, appellant instructed them not to say a word to the officers. The nine-year old daughter, in response to Sergeant Cleere's question about her mother's welfare, answered, "I'm not supposed to tell," giving the officers good reason to suspect Julianna's welfare was in jeopardy. When the officers entered the home, they found Julianna battered and beaten all over her body. She was unable to move without assistance and was obviously in immense pain from her many injuries. While hospitalized, Julianna gave a statement to the police that implicated appellant. Although this statement was unsigned due to Julianna's injuries and although Julianna testified at trial that she did not remember giving this statement, and could not remember who inflicted her injuries, the jury was free to believe or disbelieve any portion of the witnesses' testimony. *See Sharp*, 707 S.W.2d at 614. When faced with conflicting evidence, we presume the trier of fact resolved conflicts in favor of the prevailing party. *Turro*, 867 S.W.2d at 47. We conclude that based on the evidence in the record, any rational trier of fact could have found, beyond a reasonable doubt, that appellant was the individual who inflicted Julianna's injuries.

We further conclude that the jury rationally could have found that Julianna suffered injuries that easily meet the definition of "serious bodily injury." Though often a matter of degree, there must be a meaningful distinction between "bodily injury" and "serious bodily injury." *Hernandez v. State*, 946 S.W.2d 108, 111 (Tex.

App.-El Paso 1997, no pet.). The determination that an injury qualifies as serious bodily injury must be made on a case-by-case basis. *Id.* In this case, Julianna's injuries required extensive medical treatment and left permanent damage. Dr. Shao–Jen Chang, the treating emergency room physician, testified that Julianna's injuries were of the sort that typically would leave someone permanently disabled. Photographs of Julianna entered into the record showed she suffered a very brutal beating that left serious injuries to many different parts of her body. Julianna was treated for two broken arms, two broken legs, and multiple contusions and bruises that were at various stages of healing. All four of her extremities were placed in casts or splints. The medical evidence demonstrated that Julianna lived a life of severe abuse which might have led to her death but for the intervention of the anonymous caller and law enforcement officers making the welfare check. In addition, there is evidence that some of Julianna's injuries may have been inflicted by a baseball bat, also introduced into evidence at trial. *See* TEX. PEN.CODE ANN. § 22.02(a) (Vernon Supp.2005) (stating that person commits aggravated assault if that person "causes serious bodily injury" or "uses or exhibits a deadly weapon" while assaulting another person). Dr. Chang testified that some of the injuries Julianna sustained were consistent with blunt force trauma caused by some object.

The jury examined the photographs and listened to the testimony at trial. The jury was free to apply common sense, knowledge, and experience gained in the ordinary affairs of life in drawing reasonable inferences from the evidence. Given the extensive evidence of this savage beating, the jury rationally could have determined that Julianna suffered serious permanent disfigurement simply by viewing the photographs of her ghastly injuries and listening to the testimony from Julianna's treating physicians. We conclude there is legally sufficient evidence to support the conviction. *See Brown v. State,* 605 S.W.2d 572, 575 (Tex.Crim.App.1980) (finding defendant committed aggravated assault where evidence showed victim's disfiguration and impairment was permanent unless medical attention was sought); *Tinker v. State,* 148 S.W.3d 666, 671 (Tex. App.-Houston [14th Dist.] 2004, no pet.) (holding that a diagnosis that if the injury of the victim's shoulder does not heal properly, there may be permanent deformity, and long-term pain and disability, is sufficient to meet the definition of serious bodily injury). We overrule appellant's first issue.

**B. Did the trial court commit reversible error in admitting Julianna's statement (Exhibit 19)?**

 In his second issue, appellant contends that the trial court committed reversible error in admitting Julianna's unsigned statement (Exhibit 19) and thereby purportedly denying appellant his right to confront and cross-examine witnesses against him. More specifically, appellant asserts that, by admitting this exhibit through Detective Richards' testimony, the trial court denied appellant his constitutional right to confront and cross-examine witnesses used against him.

Appellant did not object on this basis at trial and thus failed to preserve error on this issue. The only objection appellant made in regard to this testimony and exhibit was a hearsay objection:

The Court: Before we go any further on this I would kind of like to know what we are going to hear. We have this statement in and I'm not sure I could hear what she was saying.

The State: She said she doesn't unequivocally admit that she made the

statement. She says she didn't remember, Your Honor.

The Court: Okay. And you're going her under which exception to the hearsay rule?

The State: Well, I'm going to—under Rule 613, the prior statement of witnesses. She was shown a copy of the statement and asked if she made it to Detective Richards on November 11, 2003, at the Huntsville Memorial Hospital.

. . .

The Court: That has been a long time ago. Has anyone—have you ever gone back and tried to her to—

Detective Richards: No, sir.

The Court:—to sign the statement? Has the State ever gone back and tried to get her to sign this statement?

The State: No, Your Honor. She had been talked to on several occasions. There are other individuals that she has made statement to consistent [sic] with what she said in her story until today.

The Court: I really do hate to break my rule. But I ought not to let this in but I am this time. But I want to tell ya'll [sic] something. I'm serious about this discovery stuff.

The State: Yes, sir.

. . .

The Court: This time. Not for you, but because I think justice demands it.

The State: Yes, Your Honor.

The Court: I apologize to you, Dale, for you not getting all of the discovery that you're justly entitled to.

Defense Counsel: Thank you, Your Honor.

. . .

The Court: You want to ask him some questions, Dale?

Defense Counsel: I will just aks him in front of the jury.

The Court: Okay. And your exception to the calling of this witness is duly noted in the record.

Defense Counsel: Also, I object under the basis of *hearsay*. It's not a signed statement of that witness so I don't see any exception under the Rules that this could come in. So I want to preserve that error.

(Emphasis added). During the testimony, and right before admission of the statement through Detective Richards, appellant objected again:

The State: State would offer into evidence State's Exhibit No. 19.

Defense Counsel: Your Honor, I previously entered my objections to this exhibit and I would like the record to reflect that I have so.

The Court: You have made proper objection and your objection will be overruled.

These are the only objections made at trial in regard to this testimony and Exhibit 19.

 Appellant's complaint on appeal is not that of hearsay, but that he was denied his constitutional right to confront and cross-examine witnesses used against him. Appellant made no objection to this testimony based on an alleged violation of the Confrontation Clause. To preserve error, there must be a timely, specific objection. *See* TEX.R.APP. P. 33.1. Even constitutional error may be waived by failure to object at trial. *Briggs v. State*, 789 S.W.2d 918, 924 (Tex.Crim.App.1990). A defendant waives his constitutional right to confront witnesses if he does not object at trial. *Holland v. State*, 802 S.W.2d 696, 700 (Tex.Crim.App.1991); *Thacker v. State*, 999 S.W.2d 56, 61 (Tex.App.-Houston [14th Dist.] 1999, pet. ref'd). Although appellant objected on the basis of hearsay,

this objection did not preserve error on a Confrontation Clause claim. *See Saldivar v. State*, 980 S.W.2d 475, 496 (Tex.App.-Houston [14th Dist.] 1998, pet. ref'd). Hearsay objections and objections to violations of the constitutional right to confront witnesses are neither synonymous nor necessarily coextensive. *Holland*, 802 S.W.2d at 700; *Thacker*, 999 S.W.2d at 61. Thus, appellant has waived appellate review of his complaint.

■■■■■ Even if appellant had preserved error on this issue, we would find no merit in his argument because there was not a violation of the Confrontation Clause. The Constitution does not permit the admission of a testimonial statement of a witness who did not appear at trial unless the witness was unavailable to testify and the defendant had a prior opportunity for cross-examination. *Crawford v. Washington*, 541 U.S. 36, 52, 124 S.Ct. 1354, 1365, 158 L.Ed.2d 177 (2004). However, when, as in this case, the declarant appears for cross-examination at trial, the Confrontation Clause places no constraints at all on the use of her prior testimonial statements. *See California v. Green*, 399 U.S. 149, 162, 90 S.Ct. 1930, 1937, 26 L.Ed.2d 489 (1970). The Confrontational Clause does not bar admission of a statement so long as the declarant is present at trial to defend or explain it. *Tennessee v. Street*, 471 U.S. 409, 414, 105 S.Ct. 2078, 85 L.Ed.2d 425 (1985). Julianna's unsigned typewritten statement, given to police, was testimonial in nature. But Julianna was present at trial and testified. Appellant, during his cross-examination, had the opportunity to question Julianna about the statement she gave to the police. Therefore, there was no violation of the Confrontation Clause. We overrule appellant's second issue.

Having overruled both of appellant's issues, we affirm the trial court's judgment.