Affirmed and Memorandum Opinion filed September 27, 2007








Affirmed and Memorandum Opinion filed September 27, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00684-CR

____________

 

RODOLFO NELSON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 184th
District Court

Harris County, Texas

Trial Court Cause No. 1012117

 



 

M E M O R A N D U M   O P I N I O N

Appellant, Rodolfo Nelson, appeals his conviction for
sexual assault. See Tex. Pen.
Code Ann. '22.011(a)(1)(A) (Vernon Supp. 2006).  In two issues on appeal,
appellant contends the trial court abused its discretion when it: (1) overruled
appellant=s objection to the State=s use of appellant=s prior conviction
for criminal mischief for impeachment purposes; and (2) ruled that the
complainant could not be impeached by evidence she had used illegal drugs
approximately one day prior to the alleged sexual assault by appellant. We
affirm.








Factual and Procedural Background

The complainant first encountered appellant on October 18,
2003 when she and a friend were leaving a Houston mall.  Appellant asked
Complainant for her telephone number.  Complainant gave appellant her cell
number.  Appellant called Complainant and asked her to go with him to a
carnival set up in a mall parking lot.  Complainant agreed.

Appellant picked Complainant up at her house in a car
driven by appellant=s friend, Carlos Hump.  Instead of driving
to the carnival, Hump drove to pick up appellant=s cousin, who was
only 16 or 17 years of age.  Hump then drove out Highway 290 and parked at a
dead end in the far western portion of Harris County.  The group got out of the
car and Complainant began drinking rum with Hump.  Appellant then became
aggressive, touching and hugging Complainant and rubbing her vaginal area
through her clothes.  When Complainant rejected appellant=s sexual advances
and tried to walk away, appellant took Complainant by the waist and directed
her back to the car where Hump slammed her down on the hood of the car. 
Appellant then pushed Complainant into the back seat of the car, pulled down
her pants and vaginally raped her.  Hump and appellant then told appellant=s cousin to do the
same, but he refused.  Complainant exited the car.  Appellant, angry at
Complainant=s tears, walked up and slapped her on the face hard
enough to knock her down.  Appellant and Hump then pushed Complainant back into
the car where Hump also raped her.

They then drove back into Houston on Highway 290 and
Complainant got out of the car at the same time appellant and his cousin left. 
Complainant saw a police car soon thereafter and reported what had happened. 
The police officer called an ambulance which took Complainant to the hospital.








Prior to trial, the State gave appellant notice that it
intended to use appellant=s prior conviction for criminal mischief
for impeachment purposes.  Appellant then filed a motion for a Theus
hearing, requesting the trial court to review the Theus factors before
permitting impeachment with appellant=s prior
conviction.  See Theus v. State, 845 S.W.2d 874 (Tex. Crim. App. 1992). 
The trial court held a hearing and denied appellant=s motion objecting
to the State=s use of his prior conviction and ruled that appellant=s conviction was
admissible if appellant testified.  During the guilt/innocence portion of the
trial, appellant testified in his own defense.  As part of his testimony on
direct examination, appellant admitted his prior conviction for criminal
mischief.

Appellant was found guilty by the jury and was sentenced to
twenty-years= confinement in the Institutional Division of the
Texas Department of Criminal Justice.  This appeal followed.

Discussion

A.      Appellant
Waived Error Regarding Admission of Evidence Concerning His Prior Conviction
for Criminal Mischief 

In his first issue, appellant contends the trial court
abused its discretion when it overruled his objection to the use of his prior
conviction for criminal mischief for impeachment purposes.

1.       Standard
of Review

An appellate court reviewing a trial court=s ruling on the
admissibility of evidence must utilize an abuse of discretion standard of
review.  Weatherred v. State, 15 S.W.3d 540, 542 (Tex. Crim. App.
2000).  In other words, the appellate court must uphold the trial court=s ruling if it was
within the zone of reasonable disagreement.  Id. 

2.       By
Offering the Evidence of His Prior Conviction, Appellant Waived Any Error
Regarding the Admission of This Evidence 








As a general rule, a complaint regarding allegedly
improperly admitted evidence is waived if the same evidence is introduced by
the defendant himself.  Wootton v. State, 132 S.W.3d 80, 84 (Tex. App.CHouston [14th
Dist.] 2004, pet. ref=d).  An exception to this general rule
applies when the accused introduces the evidence in an effort to meet, rebut,
destroy, deny, or explain evidence that already has been improperly admitted.  Id. 
This exception does not apply in this case.  The record demonstrates that
appellant testified about his prior conviction on direct examination apparently
in an effort to preempt questions appellant anticipated would be asked by the
State during cross-examination.  At that point, there had not been any evidence
admitted relating to appellant=s prior conviction.  During his trial,
appellant faced a choice: (1) he could choose not to testify and the jury would
not have learned of his previous conviction; (2) if he testified and the State
introduced his prior conviction during its cross-examination, he could then
attempt to mitigate that evidence during redirect examination; or (3) he could
preemptively testify about his prior conviction in an effort to reduce its
impact on the jury.  Appellant chose the third option and told the jury about
his prior conviction.  By testifying on direct examination about his prior
criminal mischief conviction, appellant waived any error relating to the trial
court=s ruling regarding
admissibility of the conviction.  Id.  We overrule appellant=s first issue.

B.      Appellant
Waived Error Concerning The Trial Court=s Prohibiting His
Cross-Examination of Appellant Regarding Her Prior Drug Use

In his second issue, appellant complains that the trial
court erred when it limited his cross-examination of Complainant. 
Specifically, appellant argues the trial court should have permitted him to
cross-examine Complainant regarding her use of drugs more than
twenty-four hours prior to the incident.  Appellant contends on appeal that
this action by the trial court violated his federal constitutional right to
confrontation.

1.       Standard
of Review








The Sixth Amendment right to confrontation necessarily
includes the right to cross-examine.  Carroll v. State, 916 S.W.2d 494,
497 (Tex. Crim. App. 1996).  This constitutional right is violated when
appropriate cross-examination is limited.  Id.  We review the trial
court=s exclusion of
evidence under an abuse of discretion standard.  Montgomery v. State,
810 S.W.2d 372, 379 (Tex. Crim. App. 1990).  A trial court does not abuse its
discretion unless its ruling is arbitrary and unreasonable and therefore
outside the zone of reasonable disagreement.  Manning v. State, 114
S.W.3d 922, 926 (Tex. Crim. App. 2003).  The mere fact that a trial court might
decide a matter within its discretionary authority in a different manner than
an appellate court would in a similar circumstance does not demonstrate that an
abuse of discretion has occurred.  Id. 

2.       Appellant
Failed to Preserve His Complaint By Failing to Object to the Exclusion of the
Evidence on Constitutional Grounds

To preserve error, a defendant must lodge a timely,
specific objection.  See Tex. R. App. P. 33.1.  Even constitutional
error may be waived by failure to raise the issue at trial.  Briggs v. State,
789 S.W.2d 918, 924 (Tex. Crim. App. 1990).  Specifically, a defendant waives
his constitutional right to confront witnesses if he does not object to the
denial of that right at trial.  Holland v. State, 802 S.W.2d 696, 700
(Tex. Crim. App. 1991).  In addition, a party seeking to introduce evidence
must meet an objection with argument stating the basis for its admission.  Reyna
v. State, 168 S.W.3d 173, 179 (Tex. Crim. App. 2005).  If the proponent of
the evidence does not clearly articulate to the trial court that the
Confrontation Clause requires the admission of the challenged evidence, he
fails to do everything necessary to bring to the judge=s attention the
evidence rule or statute in question and its precise and proper application to
the evidence in question and error is not preserved.  Id. at 179B80.  It is not
enough to merely attempt to introduce the evidence or to tell the judge that
evidence is admissible.  Id. at 179.  The proponent, if he is the losing
party on appeal, must have told the judge why the evidence was admissible.  Id.








Here, the trial court prohibited appellant from questioning
Complainant regarding her drug use more than twenty-four hours before the
incident.  Appellant made an offer of proof and following that, the trial court
sustained the State=s objection to the testimony.  The record
does not demonstrate that appellant objected to the trial court=s exclusion of the
evidence on the basis of the Confrontation Clause or that he obtained a ruling
from the trial court on that basis for admitting the evidence.  Therefore,
because appellant failed to preserve this complaint by lodging a specific
Confrontation Clause objection with the trial court, he has waived his second
issue on appeal.  Eustis v. State, 191 S.W.3d 879, 885B86 (Tex. App.CHouston [14th
Dist.] 2006,  pet. ref=d).  We overrule appellant=s second issue.

Conclusion

Having overruled all of appellant=s issues, we
affirm the judgment of the trial court.

 

 

 

 

 

/s/      John S. Anderson

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed September 27, 2007.

Panel consists of
Justices Anderson, Frost, and Mirabal.[1](Mirabal,
J. Concurs in the result only without an opinion.)

Do Not Publish C Tex. R. App. P. 47.2(b).

 

 









[1]  Senior Justice Margaret G. Mirabal sitting by
assignment.  Justice
Mirabal concurs in the result only, noting in connection with issue two that,
in Justice Mirabal=s opinion, appellant preserved his
complaint for appellate review.  See Wyborny v. State, 209 S.W.3d 285,
291 (Tex. App.CHouston [1st Dist.] 2006, pet. ref=d); Alexander v. State, 949
S.W.2d 772, 774B75 (Tex. App.CDallas 1997, pet. ref=d).