Opinion issued April 7, 2011


 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 

 


In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00067-CR

———————————

RICARDO APODACA, Appellant

V.

the state of
texas, Appellee



 



 

On Appeal from the 182nd District Court 

Harris County, Texas



Trial Court Case No. 1228917

 



MEMORANDUM OPINION

            A jury convicted appellant, Ricardo Apodaca, of family
violence assault, which was enhanced with a prior conviction for family
violence assault.[1] Appellant
pleaded true to an enhancement alleging a prior aggravated robbery conviction. The
jury then assessed punishment at 15 years’ confinement.  In two related points of error, appellant
contends the evidence is insufficient to support his conviction.  We affirm.

BACKGROUND

          On Christmas night 2008, Officer J.
Lopez was dispatched to a trailer park in Houston.  Once there, he encountered Deisy Roman, who
told him that appellant, the father of her two small daughters, had started
choking her while they were arguing. 
Lopez noticed marks on Roman’s neck that were consistent with her
statement.  Roman made the same
statements to at least four other people: 
her neighbor, her sister, an assistant district attorney, and a social
worker.

          Rosa Ramirez, Roman’s neighbor,
testified that she was asleep in her trailer when she was awakened by a knock
at the door.  When she opened the door,
she saw Roman, who was bleeding from her mouth. 
Roman appeared frightened and nervous. 
Although Roman did not specifically state that appellant had hit her,
she told Ramirez that “her husband wasn’t like that, that he had never done
something like that before.”  Ramirez
helped Roman call the police. 

          Roman’s sister, Griselda Alvarado,
testified that Roman called her on Christmas night.  She was crying and told Alvarado that
appellant had been choking her and wanted to stab her.  Roman also told her that appellant had taken
their baby daughter and left.  Alvarado
drove to Roman’s home, and Roman told her that she and appellant had been
arguing when it “started to get physical that that [appellant] was choking her
and was punching her.”  Roman never
claimed to have started the physical fight. 
Alvarado saw Roman’s injuries and took pictures of them.  The photographs were admitted into evidence.

          Andrea Perrard, an assistant district
attorney for Harris County, testified that she called Roman on December 31,
2008, as a part of the district attorney’s investigation of the offense.  Roman told her that appellant was mad at her
because she could not find one of his shirts, so he began to choke her.  When he initially grabbed her and began
choking her, appellant scratched Roman’s neck with his fingernail.  Roman told Perrard that “when he pressed
against her neck, he caused her pain.” 
Roman said that she ran to a neighbor’s house because she was afraid for
her life.  

          Jennifer Whaley, a social worker with
the district attorney’s family criminal law division, met with Roman on
December 30, 2008, and helped Roman prepare an affidavit to support her application
for a protective order against appellant. 
In the affidavit, Roman swore that on the night of the incident,
appellant pushed her on the couch and “started pressing on [her] face and
choking [her] with his hands.”  He then
held his arm on her neck after she tried to escape.  When appellant realized that Roman’s face was
bleeding, he went to wash his hands and Roman fled to the neighbor’s home.  Roman swore, “I sustained scratches to my
neck, a cut inside my lip, a bloody nose, and soreness to my face as a result
of this incident.”

Nevertheless, at trial, Roman denied that appellant ever
pushed her, choked her, or pressed her face with his hands.  She admitted that he did scratch her, but
only because she was hitting him.  She
testified that she lied about appellant attacking her because she was angry
with him, and that she was the one who attacked him. Finally, Roman testified
that the injuries as depicted in the photographs did not cause her any pain,
either right after the injury or later.  

Appellant, testifying in his own behalf, stated that after
arguing with Roman, he tried to leave, but she started slapping him and telling
him he was not leaving.  He testified
that he did not hurt her or choke her or split her lip.

Jennifer Verella, a licensed social worker, testified as an
expert witness on domestic violence issues. 
Verella stated that victims of domestic abuse often recant their
statements implicating the offender, and that because victims recant so
frequently, the crimes are considered “evidence-based cases and not
victim-based.”

SUFFICIENCY OF THE EVIDENCE

          In points of error one and two,
appellant contends the evidence is legally and factually insufficient to
support his conviction.

 

 

Standard of Review

This
Court reviews legal and factual sufficiency challenges using the same standard
of review. Ervin
v. State, 331
S.W.3d 49, 52–56 (Tex. App—Houston
[1st Dist.] 2010, pet. ref’d) (construing majority holding of Brooks v. State, 323 S.W.3d 893, 912, 926 (Tex. Crim. App. 2010)).
Under this standard, evidence is insufficient to support a conviction if,
considering all the record evidence in the light most favorable to the verdict,
no rational factfinder could have found that each essential element of the
charged offense was proven beyond a reasonable doubt.  See Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); In re Winship, 397 U.S. 358, 361, 90 S. Ct. 1068, 1071 (1970); Laster v. State, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009); Williams v. State, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).
Viewed in the light most favorable to the verdict, the evidence is insufficient
under this standard in two circumstances: (1) the record contains no evidence,
or merely a “modicum” of evidence, probative of an element of the offense; or
(2) the evidence conclusively establishes a reasonable doubt. See Jackson, 443 U.S. at 314, 318 n.11, 320, 99 S. Ct. at
2786, 2789; Laster, 275 S.W.3d at 518; Williams, 235 S.W.3d at 750. Additionally, the evidence is
insufficient as a matter of law if the acts alleged do not constitute the
criminal offense charged. Williams, 235 S.W.3d at 750.

 

Law Pertaining to Family Violence
Assault

A
person commits the offense of assault if the actor “intentionally, knowingly,
or recklessly causes bodily injury to another, including the person’s spouse.” Tex. Penal Code Ann. § 22.01(a)(1) (Vernon Supp. 2010). Such an assault is a third degree felony
if committed against a family member and the defendant has previously been
convicted of assault against a family member. 
See Tex. Penal Code Ann. § 22.01(b)(2)(A).  “Family” includes “individuals who are the
parents of the same child, without regard to marriage.”  See Tex. Fam. Code Ann. § 71.003 (Vernon 2008).

Analysis

          Appellant contends the evidence is
insufficient because (1) Roman recanted and denied appellant assaulted her, (2)
her injuries were barely visible to an officer at the scene, and (3) Roman
testified that the injuries she suffered did not cause her any pain.  In light of these factors, appellant contends
the evidence is insufficient to show that Roman suffered any bodily injury.

“Bodily injury” is defined as “physical pain, illness, or any
impairment of physical condition.”  Tex. Penal Code Ann.  § 1.07(a)(8) (Vernon
Supp. 2010). Thus, we review the
evidence to determine whether the evidence is sufficient to prove this element
of assault beyond a reasonable doubt. A fact finder may
infer that a victim actually felt or suffered physical pain because people of
common intelligence understand pain and some of the natural causes of it.  Randolph v. State, 152 S.W.3d 764,
774 (Tex. App.—Dallas 2004, no pet.). 
A jury may reasonably infer that the
victim suffered pain as a
result of her injuries. Arzaga v. State, 86 S.W.3d
767, 778 (Tex. App.—El Paso 2002, no pet.); Goodin v. State, 750
S.W.2d 857, 859 (Tex. App.—Corpus Christi 1988, pet. ref’d). Moreover, a jury
may apply common sense, knowledge, and experience gained in ordinary life when
making such reasonable inferences. 
Eustis v. State,191 S.W.3d 879, 884
(Tex. App.—Houston [14th Dist.] 2006, pet. ref’d). See also Wawrykow v. State, 866
S.W.2d 96, 100 (Tex. App.—Beaumont 1993, no pet.) (holding rational fact finder
could have inferred that blows from appellant’s fist to police officer’s head
area hurt the officer or caused her
physical pain beyond a reasonable doubt). The existence of a bruise or
scrape on the body is sufficient evidence of physical pain. Arzaga, 86
S.W.3d at 778. 

Here, at least four people
testified that Roman told them that appellant choked her and caused her
injuries, including a split lip and scratches on her neck.  Neighbors heard Roman screaming, running for
help, and saw her bleeding from her mouth. 
Roman’s sister saw Roman’s injuries and took pictures.  The jury was able to look at the pictures and
see Roman’s split lip, as well as the scratches and bruises on her neck.

Although at trial Roman
denied that appellant made any assaultive contact or that she suffered any pain
from the alleged contact, the jury as fact finder and sole judge of the weight
and credibility of the witnesses’ testimony could have
discredited that testimony. See Chambers v. State, 805 S.W.2d 459, 461 (Tex.
Crim. App. 1991) (holding witness’s recantation of former statement did not
destroy statement’s probative value).

Viewing the evidence in
the light most favorable to the verdict, the jury could reasonably conclude
beyond a reasonable doubt that appellant caused bodily injury to a family
member. See Ervin, 331 S.W.3d at 52–56.  Accordingly, we hold that the evidence is sufficient
to support appellant’s conviction for the offense of family violence assault,
second offense. We overrule the appellant’s first and second points of error.

CONCLUSION

          We affirm the judgment of the trial
court.

 

                                                                   Sherry
Radack

                                                                   Chief
Justice 

 

Panel
consists of Chief Justice Radack and Justices Alcala and Bland.

Do
not publish.  Tex. R. App. P. 42(b).

 











[1]               See Tex. Penal Code Ann. § 22.01(a)(1), (b)(2) (Vernon
Supp. 2010).