068·15    069·15

ORIGINAL

NO. PD-0069-15

IN THE
COURT OF CRIMINAL APPEALS
OF TEXAS

FILED IN
COURT OF CRIMINAL APPEALS

MAR 23 2015

Abel Acosta, Clerk

BOBBY SIMMONS,
Appellant/Petitioner

VS.

THE STATE OF TEXAS,
Appellee/Respondent

---

## APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

---

In Appeal No.05-14-00241-CR;05-14-00240-CR
from the
Court of Appeals
for the Fifth Judicial District
Dallas, Texas

Bobby Simmons
TDCJ-ID#1941546
Telford Unit
3899 State Hwy 98
New Boston, Tx 75570

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAR 20 2015

Abel Acosta, Clerk

# TABLE OF CONTENTS

INDEX OF AUTHORITIES                                     III

STATEMENT REGARDING ORAL ARGUMENT                        1

STATEMENT OF THE CASE                                    1

STATEMENT OF PROCEDURAL HISTORY                          2

GROUNDS FOR REVIEW                                       2

    GROUND FOR REVIEW NUMBER ONE.
       Is simple knowledge of contraband possession?


    GROUND FOR REVIEW NUMBER TWO.
       Was the trial court's abuse of discretion
       harmless?

ARGUMENT NUMBER ONE                                      2

ARGUMENT NUMBER TWO                                      4

PRAYER FOR RELIEF                                        5

CERTIFICATE OF SERVICE                                   6

APPENDIX[Opinion]

# INDEX OF AUTHORITIES

## CASES

Berger v. U.S.,295 U.S. 78(1935)    5

Davis v. State,93 s.w.3d 664(Tx.Cr.App.2002)    3

Everett v. State,707 s.w.2d 638(Tx.Cr.App.1986)    4

Lassaint v. State,79 s.w.3d 739(Tx.Cr.App.2002)    4

Oaks v. State,642 s.w.2d 75(Tx.Cr.App.1982)    4

U.S. v. Nobles, 422 U.S. 225(1975)    5

Williams v. State,313 s.w.3d 393(Tx.App.2009)    4

## STATUTES

TEX. PENAL CODE§ 1.07(a)(39)    3

TEX. PENAL CODE§ 6.01(b)    4

T.R.A.P. RULE 66.3(a)    3

NO. PD-0069-15

IN THE
COURT OF CRIMINAL APPEALS
OF TEXAS


BOBBY SIMMONS,
Appellant/Petitioner

VS.

THE STATE OF TEXAS,
Appellee/Respondent

## APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


**TO THE COURT OF CRIMINAL APPEALS OF TEXAS:**

Petitioner respectfully submits this Petition for Discretionary Review and moves this Honorable Court grant review of this cause and offers the following in support thereof:


## statement regarding oral argument

The Petitioner requests oral argument in this case because such argument may assist the Court in applying the facts to the issues raised. It is suggested that oral argument may help simplify the facts and clarify the issues.


## STATEMENT OF THE CASE

Petitioner was arrested at the house of a female acquantance. Although petitioner had a sexual relationship and spent some nights at this residence he did not live there. As a result

1

petitioner had several personal items stored at this residence.

In finding petitioner guilty of possession of the contraband found by authorities at this residence, the jury reached a verdict that was contrary to the law and the evidence.

## STATEMENT OF PROCEDURAL HISTORY

In Cause No.'s F12-52370-W; F12-52371-W the petitioner was charged with the offense of possession with the intent to deliver cocaine in an amount greater than four grams and unlawful possession of a firearm by a felon. The petitioner was convicted of such offenses on February 14, 2014 and appealed the conviction. On December 18, 2014 the Dallas Court of Appeals affirmed the conviction. No motion for rehearing was filed. On March 18, 2014 this Petition for Discretionary review was timely mailed to the Texas Court of Criminal Appeals.

## GROUNDS FOR REVIEW

### I.

### IS SIMPLE KNOWLEDGE OF CONTRABAND POSSESSION?

### II.

### WAS THE TRIAL COURT'S ABUSE OF DISCRETION HARMLESS?

## ARGUMENT NUMBER ONE

A. REASON FOR REVIEW.

2

The Dallas Court of Appeals decision here is in direct conflict with the decisions of the Honorable Court and the lower appellate courts. **TEX.R.APP.P.66.3(a)**

B. **ARGUMENT.**

Petitioner requests this court grant Petition to exercise its power to supervise this State's lower court's. Specifically, this court should grant his Petition to examine the rulings of the Dallas Court of Appeals and its holdings that the evidence was sufficent to support unlawful possession and that the abuse of discretion was harmless.

### IS SIMPLE KNOWLEDGE OF CONTRABAND POSSESSION?

Given the facts developed at trial there is no question that petitioner knew that there were firearms in the residence. The residence was not his and the his female friend who was the owner of the residence had a constitutional right to possess these firearms.

Possession is defined as actual care, custody, control, or management of an item. **Tex.Penal Code**§ 1.07(a)(39). For a felon to be held criminally responsible for possession of a firearm, the State must prove the felon **Voluntarily** possessed the firearm. **Davis v. State**, 93 s.w.3d 664,667(Tx.App.2002). Possession is deemed voluntary if the accused knowingly obtains or recieves the thing possessed or is aware of his control of the

3

thing for a sufficient time to permit him to terminate his control. **TEX. PENAL CODE**§ ¢.)!(b);**Williams v. State**,313 s.w.3d 393,397(Tx.App.2009)

The gun that was found under the bed was Bridget's(RR4:70), the simply fact that petitioner knew about the gun does not rise to the level that he possessed it. At most, the evidence cited by the Court of Appeals proves that petitioner knew that there were guns present in the residence, not that he exercised care, custody, control, or management of them. see **Oaks v. State**,642 s.w.2d 75,77(Tx.Cr.App.1982)(possession means more than being where the action is); **Lassaint v. State**,79 s.w.3d 736(Tx.App.2002). petitioner's knowledge of the mere presence of the firearms is insufficient to establish the requisite mental state--knowledge of his possession of those drugs. The Court of Appeals erred in its holding on this issue.


## ARGUMENT NUMBER TWO

### WAS THE TRIAL COURT'S ABUSE OF DISCRETION HARMLESS?

The Appeals court found petitioner's ground two to be harmless. But this Honorable Court in **Everett v. State**,707 s.w. 2d 638,641(Tx.Cr.App.1986) stated: "Argument injecting matters not in the record is clearly improper; but <u>argument inviting speculation is even more dangerous</u> because it leaves to the imagination of each juror whatever extraneous 'facts' may be

4

needed to support a conviction. The United States Supreme Court in **Berger v. U.S.**,295 U.S. 78(1935) stated: "It is fair to say that the average jury, in a greater or less degree, has confidence that [the obligation to do justice], which so plainly rests upon the prosecuting attorney, will be faithfully observed. Consequently, improper suggestions, insinuations and, **especially, assertions of personal knowledge** are apt to carry much weight against the accused when they should properly carry none."

After the court abused its discretion in allowing the prosecutor this illegal questioning, the prosecutor could have brought forth evidence of his assertions if it existed he did not.

Although a court is entitled to rely to a great extent on the parties' attorneys to protect their own clients interests, the court, too has a duty to ensure that a criminal defendant receives a fair trial. **U.S. v. Nobles**,422 U.S.225,230(1975). Because this error was never harmless the Court of Appeals erred in it's holding it was.

## PRAYER FOR RELIEF

For the reasons stated above, it is respectfully submitted that the Court of Criminal Appeals of Texas should grant this Petition for Discretionary Review.

Respectfully submitted,

_Bobby Simmons_
BOBBY SIMMONS

5

## CERTIFICATE OF SERVICE

The undersigned petitioner hereby certifies that a copy of the foregoing has been mailed, U.S. mail postage prepaid, to the Office of the Criminal District Attorney for Dallas County, Frank Crowley Courts Bldg., 133 N. Riverfront BLVD. LB-19, Dallas, Texas 75207-4399, and to the State Prosecuting Attorney, P.O. Box 12405, Austin, Tx 78711, on this 18th day of March 2015.

_____
PETITIONER

AFFIRM; and Opinion Filed December 18, 2014.



In The

# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-14-00240-CR
### No. 05-14-00241-CR

**BOBBY SIMMONS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 363rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F-1252370-W and F-1252371-W**

---

# MEMORANDUM OPINION
Before Justices Bridges, Lang-Miers, and Myers
Opinion by Justice Bridges

A jury convicted appellant Bobby Simmons of possession with intent to deliver cocaine in cause number F-1252370-W and sentenced him to sixty years' imprisonment. The jury convicted him of unlawful possession of a firearm by a felon in cause number F-1252371-W and sentenced him to five years' imprisonment and a $5,000 fine. On appeal, Simmons challenges the sufficiency of the evidence to support his conviction for unlawful possession of a firearm. He also argues the trial court abused its discretion by permitting the State to improperly cross-examine him and that the trial court violated his constitutional rights to confrontation. We affirm the trial court's judgments.

## Background

Dallas Police officers in the narcotics division received an anonymous citizen complaint regarding possible drug transactions at 7353 Chaucer Place. Based on the information, officers used confidential informants to make two controlled buys two days in a row. The narcotics division confirmed the drugs purchased were cocaine.

With this information, Sergeant Anthony Martin told his supervisor a search of the location was necessary. On February 15, 2012, officers executed a search warrant. Upon entry into the home, officers found five people inside: four adults and one juvenile. Simmons was found in the master bedroom.

After officers removed the individuals from the home, they began a thorough search. In the master bedroom, officers found a razor blade, crack cocaine, plastic bowls, and marijuana in plain view. They also found the IDs of Bridget Rowewright and Simmons on the dresser. In a dresser drawer, they found a scale, packaging material, and a box of ammunition. In a drawer that pulled out from under the master bed, officers found a safe and a handgun. Under the handgun, a detective found a temporary paper copy of a small ID card with Simmons's name on it. Based on the IDs and clothing found in the room, officers believed Rowewright and Simmons both occupied the room.

Officers also found a black safe in the master bedroom closet. Inside the safe, officers found a package described by Sergeant Martin as "unknown contraband"[1] and another handgun. The handgun was in working condition when it was seized and had live rounds in the chamber. The weapon was "ready to go."

Based on the totality of the circumstances, which included drug paraphernalia and the amount of drugs found in close proximity to weapons, officers testified narcotics were being

---

[1] Sergeant Martin later described the package in the safe as a white substance in a clear baggie.

-2-

distributed from the residence. They also testified it was reasonable to believe Simmons was in care, custody, and control of both the narcotics and the weapons found in the master bedroom. In fact, Sergeant Martin testified the gun under the bed was within arms' reach, and a handgun in close proximity to drugs is a "tool of the trade. You keep your protection where your drugs are."

The jury convicted Simmons of both possession with intent to deliver cocaine and unlawful possession of a firearm by a felon. This appeal followed.

## Sufficiency of the Evidence

In his first issue, Simmons challenges the sufficiency of the evidence to support his conviction for unlawful possession of a firearm by a felon because the State failed to prove he actually possessed the firearm. He contends his proximity to the firearm was "merely fortuitous."

The standard for determining whether the evidence is legally sufficient to support a conviction is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Johnson v. State*, 364 S.W.3d 292, 293–94 (Tex. Crim. App. 2012). The jury is the exclusive judge of witness credibility and the weight to be given testimony. *Wesbrook v. State*, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000) (en banc). It is also within the exclusive province of the jury to reconcile conflicts in the evidence. *Id.*

To establish unlawful possession of a firearm by a felon, the State must prove the appellant was previously convicted of a felony offense and possessed a firearm after the conviction and before the fifth anniversary of his release from confinement or community supervision, parole, or mandatory supervision, whichever is later. TEX. PENAL CODE ANN. §

46.04(a)(1) (West 2011). Simmons admits his status as a convicted felon is not in dispute.[2] Rather, he contends the State failed to establish he exercised care, custody, control, or management of the firearm.

The State does not have to prove an appellant had exclusive custody of the firearm. *Smith v. State*, 176 S.W.3d 907, 916 (Tex. App.—Dallas 2005, pet. ref'd). However, when there is no evidence the appellant was in exclusive control of the place where the firearm was found, the State must offer additional, independent facts and circumstances affirmatively linking him to the firearm. *Id.* The purpose of affirmatively linking the accused to the firearm is to protect innocent bystanders from conviction based solely on their fortuitous proximity to the firearm. *Poindexter v. State*, 153 S.W.3d 402, 406 (Tex. Crim. App. 2005).

A nonexclusive list of factors that can be sufficient either individually or in combination, to establish possession include whether the appellant owned the residence where the firearm was found, whether he was in close proximity to the firearm and had ready access to it, whether he attempted to flee, whether his conduct indicated a consciousness of guilt, whether he had a special connection to the firearm, and whether he made incriminating statements. *Smith*, 176 S.W.3d at 916. No set formula exists to dictate a finding of affirmative links sufficient to support an inference of knowing possession of contraband. *Id.* It is the "logical force" of the factors, not the number of factors present, that determines whether the elements of the offense have been established. *Id.*

Viewing the evidence in the light most favorable to the verdict, the State introduced a government document in which Simmons listed the residence as his address. Simmons was present in the master bedroom, where the guns were found, during the search. While the guns

---

[2] The State introduced pen packet information regarding an August 10, 2009 conviction for burglary of a habitation.

were not in plain view, Sergeant Martin testified the gun in the drawer under the bed was within arms' reach. Moreover, a temporary ID card with Simmons's name was found underneath the gun.

The jury heard testimony about drugs and drug paraphernalia found in the master bedroom. They also heard the room contained male clothing and shoes indicating Simmons occupied the room with Rowewright. When asked about finding drugs and a handgun in close proximity in the bedroom, Sergeant Martin testified, "It's absolutely a tool of the trade. You keep your protection where your drugs are." Because evidence indicated Simmons stayed in the room, his fingerprints were lifted from a scale thereby linking him to the drug paraphernalia and drugs in the room, and his temporary ID was found under the gun, the jury could logically conclude he exercised care, custody, control, or management of a firearm, which he had for protection while dealing drugs.

In reaching this conclusion, we reject Simmons's argument his conviction cannot stand because he testified he did not live in the residence, the police did not find his fingerprints on the guns, he denied possessing the guns, and he testified Rowewright placed his identification in the room when he was incarcerated for a prior burglary offense. Simmons's arguments simply challenge the jury's conclusions, as the exclusive judge of witness credibility, to weigh and determine conflicts in the evidence. We must defer to the jury's determination. *See Wesbrook*, 29 S.W.3d at 111.

We further reject his contention that the jury's failure to find he "used" or "exhibited a deadly weapon" in the drug possession case has bearing on the sufficiency of the evidence for unlawful possession of a firearm. As the State argues, the weapons were stored in a drawer attached to the master bed and in a safe, which explains the jury's reluctance in finding that a weapon was "used" or "exhibited" during the offense. The jury's conclusion, however, does not

address whether Simmons "possessed a firearm" in violation of section 46.04(a)(1). *See* TEX. PENAL CODE ANN. § 46.04(a)(1). Accordingly, the evidence is legally sufficient to support Simmons's conviction for unlawful possession of a firearm by a felon in cause number F-1252371-W. We overrule Simmons's first issue.

### Cross-Examination of Appellant Based on Facts Not in Evidence and Violation of the Constitutional Right to Confrontation

Because Simmons's second and third issues are based on the same objectionable testimony, we address them together. Simmons argues the trial court abused its discretion by allowing the State to ask him improper questions that assumed facts not in evidence and the questions concerned potential out-of-court statements by a non-testifying accomplice witness, which violated his constitutional right to confrontation. The objectionable exchange is as follows:

> Q. The address on your tax return, in y'all's room, Bridget, Walter, and Ricky say you stayed, you never seen those drugs in there?
>
> A. No, sir. No, sir.
>
> Q. Are you aware when Bridget tells the detective that you stay in the room? Did you - - did you know that?
>
> A. No, sir.
>
> Q. If I played you an interrogation interview where Bridget says that, that's a lie?
>
> A. I don't stay there. I been in there before. Don't mean I stay there. I don't live there.
>
> Q. Again, when Bridget tells the detective - -
>
> [DEFENSE COUNSEL]: Judge, I object. This is presuming evidence submitted about an interview and I object on those grounds.
>
> THE COURT: It's cross-examination. Overruled.

In his second issue, Simmons argues this exchange resulted in the State presenting evidence to the jury regarding information Rowewright provided to police about his status as an occupant of the residence, which exceeded the bounds of proper cross-examination by assuming facts not in evidence.

Assuming without deciding that the State's questions to Simmons were improperly admitted as presuming facts not in evidence, we conclude Simmons was not harmed by the evidence. Texas Rule of Appellate Procedure 44.2(b) states that any error, other than constitutional error, that does not affect substantial rights must be disregarded. TEX. R. APP. P. 44.2(b). In other words, we disregard the erroneous admission of evidence if it did not adversely affect the jury's verdict, or had but a slight effect on the jury's verdict. *Johnson*, 84 S.W.3d at 729.

Simmons argues the admission of the evidence moved the State's case from "one of non-persuasion to one of persuasion." However, the alleged statements Rowewright made to police were not the only evidence linking Simmons to the master bedroom. For example, the jury heard he listed the residence as his address on a government document. They also heard from several detectives about men's clothing and shoes found in the bedroom. Based on the men's clothing and their knowledge that Rowewright was Simmons's girlfriend, the jury could infer he lived in the room, despite his denial. Moreover, detectives found two identification cards with Simmons's name in the master bedroom. Thus, we cannot agree with Simmons that the State's questions moved the case from "one of non-persuasion to one of persuasion." Accordingly, Simmons has failed to show the admission of the evidence adversely affected the jury's verdict. We overrule his second issue.

In his third issue, Simmons argues his constitutional right to confrontation was violated because Rowewright did not testify, the State never played any police interview of her, nor did it

admit any statements made by her. Therefore, he contends, the State offered the unproven, out-of-court testimonial statement of a non-testifying accomplice. The State responds Simmons failed to preserve his issue for review. We agree.

To preserve error, a defendant must make a timely, specific objection and obtain an adverse ruling by the trial court. TEX. R. APP. P. 33.1. Even constitutional error may be waived for failure to object at trial. *Briggs v. State*, 789 S.W.2d 918, 924 (Tex. Crim. App. 1990) (en banc). Specifically, a defendant waives his constitutional right to confront witnesses if he does not object at trial to the denial of that right. *See Eustis v. State*, 191 S.W.3d 879, 885 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd); *see also Lytle v. State*, No. 05-10-01134-CR, 2012 WL 266450, at *2 (Tex. App.—Dallas Jan. 31, 2012, no pet.) (mem. op., not designated for publication).

While Simmons argues the context of the objection provided the trial court and the State with adequate notice that he was objecting on the basis of the Confrontation Clause, we do not agree. Counsel's objection did not, in any way, reference the right to confrontation. If the record indicates an objection, besides presuming facts not in evidence, it might be that counsel was objecting on the basis of hearsay. However, courts have consistently held that a hearsay objection does not preserve error on a Confrontation Clause claim. *See Eustis*, 191 S.W.3d at 886; *see also Lytle*, 2012 WL 266450, at *2. Accordingly, Simmons failed to preserve his third issue for our review, and it is overruled.

–8–



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

BOBBY SIMMONS, Appellant

No. 05-14-00240-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 363rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-1252370-W.
Opinion delivered by Justice Bridges. Justices Lang-Miers and Myers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered December 18, 2014.