

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-18-00181-CR

_____

HARRY C. WASHINGTON, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 297th District Court
Tarrant County, Texas
Trial Court No. 1501212R

Before Gabriel, Kerr, and Pittman, JJ.
Memorandum Opinion by Justice Gabriel

## MEMORANDUM OPINION

Appellant Harry C. Washington appeals from his convictions for two counts of aggravated sexual assault and for one count of aggravated assault with a deadly weapon. *See* Tex. Penal Code Ann. §§ 22.02(a)(2), 22.021. In two points, he argues that (1) he was denied a fair trial, the right to compulsory process, due process, and due course of law because the trial court sustained the State's hearsay objections to portions of his trial testimony and (2) the trial court erred by ordering his sentences for aggravated sexual assault to run consecutively. Because Washington did not preserve his first point for our review and because the State agrees that the consecutive sentences were not authorized, we modify the judgments for aggravated sexual assault to reflect that the sentences are to be served concurrently and affirm these judgments as modified. *See* Tex. R. App. P. 43.2(b). And because none of Washington's appellate arguments are directed to his conviction for aggravated assault with a deadly weapon, we affirm that judgment. *See* Tex. R. App. P. 43.2(a).

## I. BACKGROUND

Washington was married to Elaine[1] for ten years until their separation in 2016. After the separation, Elaine and her five children with Washington lived with Elaine's mother. One night, Elaine awoke to Washington holding a knife to her side. He forced Elaine to leave with him, promising to stab her "a hundred times" if she

---

[1]We use an alias to refer to the complainant. *See* Tex. R. App. P. 9.8 cmt.; Tex. App. (Fort Worth) Loc. R. 7.

refused. Over the course of the night, Washington forced Elaine to have sex with him three times. Because Elaine was scared, she told Washington "stuff he wanted to hear" and admitted that she never told him "no" during the entire episode.

Washington's defense at trial was to question whether Elaine consented to, or led Washington to believe that she consented to, the sexual acts. In other words, he attacked the evidence regarding his culpable mental state. *See* Tex. Penal Code Ann. § 22.021(a). Washington testified at trial and asserts on appeal that he tried to "describe for the jury statements made by [Elaine] that [led] him to believe that she was not being forced to engage in sexual activity and that she was a willing participant." The trial court sustained (or failed to rule on) the State's multiple hearsay objections to this testimony.

The jury found Washington guilty of the three offenses, assessed seven-year sentences for the aggravated-sexual-assault convictions, and assessed his punishment for aggravated assault at ten years' confinement, recommending that the ten years be suspended and that Washington be placed on community supervision. The trial court entered judgments in accordance with the jury's verdicts but ordered, at the State's request and over Washington's objection, that the aggravated-sexual-assault sentences be served consecutively. Washington's motion for new trial was deemed denied. *See* Tex. R. App. 21.8(c). In Washington's notice of appeal, he specified that he was appealing only the aggravated-sexual-assault convictions.

## II.  HEARSAY

In his second point, Washington asserts that the trial court's actions and, in one instance, inaction regarding the State's five hearsay objections to his trial testimony prevented him from establishing his defense by excluding "evidence that caused him to believe that the victim acted with consent."[2]  Washington did not object to or offer an admissibility theory regarding the trial court's four specific hearsay rulings and, thus, did not preserve this argument directed to those four rulings for our review.  *See* Tex. R. App. P. 33.1(a)(1)(A); *Golliday v. State*, 560 S.W.3d 664, 670–71 (Tex. Crim. App. 2018).  The trial court did not make a ruling on the State's objection regarding the fifth instance challenged by Washington on appeal.  Washington's failure to object to the trial court's failure to rule procedurally defaults any error.  *See* Tex. R. App. P. 33.1(a)(2)(B).

Washington also points to a colloquy between his counsel and the trial court after counsel asked to approach the bench before continuing his direct examination of Washington.  Counsel informed the trial court that he wanted to question Washington about what Elaine said to Washington to show his lack of a culpable mental state. The trial court explained that if the testimony is offered for the truth of the matter asserted, it is inadmissible unless counsel could "overcome a hearsay objection."

---

[2]Because consent is not at issue in a prosecution for aggravated assault with a deadly weapon, this issue is directed solely to his convictions for aggravated sexual assault.

Washington's counsel responded, "I understand," and conceded that he would "just refer to [Elaine's] actual testimony because that's already in the record." At this point, Washington's counsel was not challenging a trial court ruling or offering an admissibility theory for Washington's testimony. Indeed, counsel indicated that he would rely on the same evidence introduced elsewhere—Elaine's testimony. Thus, the colloquy did not preserve any error occasioned by the exclusion of Washington's hearsay testimony. *See, e.g., De La Garza v. State*, No. 06-15-00123-CR, 2016 WL 1435354, at *2 (Tex. App.—Texarkana Apr. 12, 2016, pet. ref'd) (mem. op., not designated for publication); *Pittman v. State*, No. 12-10-00328-CR, 2012 WL 5356306, at *13 (Tex. App.—Tyler Oct. 31, 2012, pet. ref'd) (mem. op., not designated for publication).

Additionally, at no point did Washington raise the constitutional issues he raises on appeal, which similarly waives his constitutional claims. *Cf. Eustis v. State*, 191 S.W.3d 879, 886 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd) (holding hearsay objection did not preserve Confrontation Clause claim). We also note that even if it were error to exclude the objected-to testimony, Washington would not have been harmed because Elaine's apparent consent was admitted through her testimony and was considered by the fact-finder in assaying Washington's defense. *See* Tex. R. App. P. 44.2; *Wilkinson v. State*, 523 S.W.3d 818, 825–26 (Tex. App.—Houston [14th Dist.] 2017, pet. ref'd); *Infante v. State*, 404 S.W.3d 656, 663 (Tex. App.—Houston [1st Dist.] 2012, no pet.). We overrule point two.

## III.  CONSECUTIVE SENTENCES

In his first point, Washington argues that the trial court erroneously ordered his aggravated-sexual-assault sentences to run consecutively because they did not fall into an exception to the statute requiring sentences arising from the same criminal episode to run concurrently.  *See* Tex. Penal Code Ann. § 3.03(a)–(b).  The State agrees that the sentences were erroneously stacked; thus, we sustain point one.

## IV.  DISPOSITION

We modify the aggravated-sexual-assault judgments—counts one and two in cause number 1501212R—to show that the sentences are to run concurrently to each other and affirm these judgments as modified.  Because none of Washington's appellate points attack the judgment convicting him of aggravated assault with a deadly weapon—count five in cause number 1501212R—we affirm that judgment.

/s/ Lee Gabriel

Lee Gabriel
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  May 23, 2019

6