**Opinion filed April 14, 2016**



## In The

# Eleventh Court of Appeals

_____

## No. 11-14-00091-CR

_____

### SCOTT F. CREE, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 50th District Court**
**Baylor County, Texas**
**Trial Court Cause No. 5536**

## MEMORANDUM OPINION

Scott F. Cree appeals his jury conviction for burglary of a habitation. The jury assessed punishment at confinement for a term of seventy years in the Texas Department of Criminal Justice, Institutional Division, and a fine of $5,000. In three issues on appeal, Appellant contends that the trial court erred in admitting a written statement from the alleged victim, that without the erroneously admitted statement the evidence is insufficient to support his conviction, and that the trial court erred

when it denied Appellant's challenge for cause to a potential juror and refused to give him an additional peremptory challenge. We affirm.

*Background Facts*

Juanita Medina Railsback testified that she had known Appellant for many years. Appellant had lived with Railsback's sister for several years. Railsback stated that, on the night of the incident, she heard her cat "meow" and then saw her cat go to the bedroom. She followed the cat. She then noticed that the laundry room door was open and that Appellant was in her bedroom. Railsback testified that she asked Appellant what he was doing in there. Appellant then grabbed Railsback and pushed her into the living room. Railsback said that Appellant threw her onto the floor. Appellant then grabbed her neck and started to choke her. Railsback stated that she "squeezed his balls real hard" and that Appellant got off her. Railsback then offered Appellant money to leave. Appellant took the money and left the house.

*Analysis*

In his second issue, Appellant challenges the sufficiency of the evidence supporting his conviction. He premises his sufficiency challenge on his first issue wherein he asserts that the trial court erred in admitting Railsback's written statement into evidence. He contends that, "[w]ithout the erroneously admitted statement[,] there is insufficient legal evidence that Appellant intentionally or knowingly entered [Railsback's] habitation and committed an assault against her."

We review a sufficiency of the evidence issue under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). Under the *Jackson* standard, we review all of the evidence in the light most favorable to the verdict and determine whether any

2

rational trier of fact could have found the elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). When conducting a sufficiency review, we consider all the evidence admitted at trial, *including pieces of evidence that may have been improperly admitted*. *Winfrey v. State*, 393 S.W.3d 763, 767 (Tex. Crim. App. 2013); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). We defer to the factfinder's role as the sole judge of the witnesses' credibility and the weight their testimony is to be afforded. *Brooks*, 323 S.W.3d at 899. This standard accounts for the factfinder's duty to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319; *Clayton*, 235 S.W.3d at 778. When the record supports conflicting inferences, we presume that the factfinder resolved the conflicts in favor of the verdict and defer to that determination. *Jackson*, 443 U.S. at 326; *Clayton*, 235 S.W.3d at 778.

The applicable standard and scope of review requires us to consider evidence that may have been improperly admitted at trial. *Winfrey*, 393 S.W.3d at 767; *Clayton*, 235 S.W.3d at 778. Accordingly, we include Railsback's written statement in our review of the evidence irrespective of whether or not it was improperly admitted. We note, however, that Railsback testified at trial and that her testimony was consistent with her account detailed in her written statement.

A person commits burglary of a habitation if, without the effective consent of the owner, he either enters a habitation with the intent to commit a felony, theft, or an assault or enters a habitation and actually commits a felony, theft, or an assault. TEX. PENAL CODE ANN. § 30.02(a) (West 2011). A person commits the offense of assault if he intentionally, knowingly, or recklessly causes bodily injury to another

or if he intentionally or knowingly threatens another with imminent bodily injury. *Id.* § 22.01(a)(1), (2) (West Supp. 2015). Juries may infer intent from a defendant's conduct and the surrounding facts and circumstances. *LaPoint v. State*, 750 S.W.2d 180, 182 (Tex. Crim. App. 1986).

Railsback testified that Appellant entered her home without her knowledge or consent. Generally, a victim's testimony that she did not consent to the defendant's entry will support a conviction for burglary of a habitation. *See Padilla v. State*, 254 S.W.3d 585, 591 (Tex. App.—Eastland 2008, pet. ref'd). Railsback stated that Appellant threw her onto the floor, straddled her, and applied pressure to her neck. Photographs depicting injuries to her neck were admitted into evidence. The physician that treated her the next day in the hospital emergency room testified that Railsback reported being thrown to the floor and choked and that she complained of pain in her ribs, around her neck, and in her finger. The physician testified that Railsback had visible bruising and redness. Viewing all of the evidence in the light most favorable to the verdict, we hold that a reasonable jury could have found beyond a reasonable doubt that Appellant committed burglary of a habitation. We overrule Appellant's second issue.

In his first issue, Appellant complains of the publication of Railsback's written statement to the jury. There were two versions of Railsback's written statement. State's Exhibit No. 16 was a typed version of Railsback's statement, and State's Exhibit No. 17 was a handwritten version that her husband transcribed for her because she was "all shook up and . . . couldn't write." The contents of the two versions are virtually identical. The typewritten statement was read during the testimony of Seymour Police Officer Rick Hill, prior to Railsback testifying at trial, but was not admitted into evidence as an exhibit.

4

At trial, Appellant complained that the statement constituted inadmissible hearsay, was inadmissible under Texas Rule of Evidence 403, and violated his right to confrontation under both the Sixth Amendment and the Texas constitution. On appeal, Appellant primarily asserts his Confrontation Clause argument. We review a Confrontation Clause challenge de novo. *Wall v. State*, 184 S.W.3d 730, 742–43 (Tex. Crim. App. 2006).

Appellant relies on *Davis v. State* for the proposition that the testimonial nature of the statement precludes its admission as an excited utterance. 169 S.W.3d 660, 668–70 (Tex. App.—Austin 2005), *aff'd*, 203 S.W.3d 845 (Tex. Crim. App. 2006). In advancing this contention, Appellant is essentially asserting that an exception applicable under the hearsay rule will not make a statement admissible if the statement is not admissible under the Confrontation Clause. Appellant also contends that admitting the statement before Railsback testified precluded him from "effectively cross-examining" and confronting the witness as to the statement at a critical juncture in the trial. We disagree.

The Confrontation Clause of the Sixth Amendment provides, "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him . . . ." U.S. CONST. amend. VI. However, "when the declarant appears for cross-examination at trial, the Confrontation Clause places no constraints at all on the use of his prior testimonial statements." *Crawford v. Washington*, 541 U.S. 36, 59 n.9 (2004); *see Torres*, 424 S.W.3d 245, 259 (Tex. App.—Houston [14th Dist.] 2014, pet. ref'd). "If the declarant testifies at trial and thus is subject to cross-examination, the Confrontation Clause places no constraints at all on the use of the declarant's prior testimonial statements." *Torres*, 424 S.W.3d at 259 (citing *California v. Green*, 399 U.S. 149, 162 (1970); *Eustis v. State*, 191 S.W.3d 879, 886

(Tex. App.—Houston [14th Dist.] 2006, pet. ref'd)). Thus, to implicate the Confrontation Clause, the out-of-court statement must be made by a witness absent from trial and be testimonial in nature. *Crawford*, 541 U.S. at 59. Railsback testified at trial and was subject to cross-examination by Appellant's attorney. Therefore, the Confrontation Clause was not implicated, and the trial court did not err in overruling Appellant's objections based on the Confrontation Clause.

Appellant also asserts that the admission of the written statement violated the hearsay rule. We review a trial court's decision to admit evidence under an abuse of discretion standard. *Wall*, 184 S.W.3d at 743. We will uphold an evidentiary ruling on appeal if it is correct on any theory of law that finds support in the record. *Gonzalez v. State*, 195 S.W.3d 114, 126 (Tex. Crim. App. 2006). Hearsay is a statement, other than one made by the declarant while testifying at trial, that is offered to prove the truth of the matter asserted. TEX. R. EVID. 801(d); *see Tienda v. State*, 479 S.W.3d 863, 874 (Tex. App.—Eastland 2015, no pet.). Hearsay is inadmissible except as provided by statute or the Texas Rules of Evidence. TEX. R. EVID. 802; *see Tienda*, 479 S.W.3d at 874.

The State sought to offer the written statement as an excited utterance. Excited utterances are admissible as an exception to the hearsay rule. *See Tienda*, 479 S.W.3d at 874. An excited utterance is a statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition. TEX. R. EVID. 803(2); *Salazar v. State*, 38 S.W.3d 141, 154 (Tex. Crim. App. 2001). For the excited-utterance exception to apply, (1) the exciting event must be startling enough to evoke a truly spontaneous reaction from the declarant, (2) the reaction to the startling event must be quick enough to avoid the possibility of fabrication, and (3) the resulting statement should be sufficiently

6

"related to" the startling event to ensure the reliability and trustworthiness of that statement. *McCarty v. State*, 257 S.W.3d 238, 241 (Tex. Crim. App. 2008). Railsback's written statement was undoubtedly related to a startling event— Appellant's unauthorized entry into her home and his physical assault of her. Additionally, the statement was taken within a short time after the home invasion and assault occurred. Finally, the record reflects that Railsback was still under the stress of excitement caused by the assault and was dominated by the emotions of the event. Based on these factors, the trial court could have concluded that the statement qualified as an excited utterance. Accordingly, we conclude that the trial court did not abuse its discretion by overruling Appellant's hearsay objection.

Moreover, even if we assume that the trial court erred in admitting Railsback's written statement, we would nevertheless conclude that the error did not constitute reversible error. The violation of an evidentiary rule that results in the erroneous admission of evidence constitutes nonconstitutional error. *Tienda*, 479 S.W.3d at 880. As a nonconstitutional error, we must review the erroneous admission under Rule 44.2(b) of the Texas Rules of Appellate Procedure. TEX. R. APP. P. 44.2(b); *see Campos v. State*, 317 S.W.3d 768, 779 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd) (the erroneous admission of a hearsay statement constitutes nonconstitutional error). When an appellate court applies Rule 44.2(b), it must disregard a nonconstitutional error unless the error affects the appellant's substantial rights. *Barshaw v. State*, 342 S.W.3d 91, 93 (Tex. Crim. App. 2011). An appellate court should not overturn a criminal conviction for nonconstitutional error "if the appellate court, *after examining the record as a whole*, has fair assurance that the error did not influence the jury, or influenced the jury only slightly." *Id.* (quoting *Schutz v. State*, 63 S.W.3d 442, 444 (Tex. Crim. App. 2001)) (internal quotation

marks omitted). Our focus is "not on whether the outcome of the trial was proper despite the error, but whether the error had a substantial or injurious effect or influence on the jury's verdict." *Id.* at 93–94; *see Tienda*, 479 S.W.3d at 880–81.

In her testimony at trial, Railsback described the events of that night, providing details of Appellant's assault upon her. Her trial testimony was consistent with the matters contained in her written statement that was prepared a short time after the assault happened. Furthermore, her testimony was corroborated by photographic evidence and medical evidence as well as the officer's testimony describing her visible injuries. The prosecutor did not reference the written statement in closing argument, nor did he overly emphasize the written statement otherwise. Conversely, defense counsel referenced the written statement in closing argument in an effort to point out an alleged discrepancy in Railsback's trial testimony. After examining the record as a whole, we have fair assurance that the admission of Railsback's written statement regarding the burglary and assault, if it was error, did not influence the jury or only had a slight effect. Therefore, any error in admitting the complained-of evidence was harmless. Accordingly, we overrule Appellant's first issue.

In his third issue, Appellant contends that the trial court erred when it denied his challenge for cause to a prospective juror and refused to give him an additional peremptory challenge. Specifically, Appellant alleges that Venireperson Redder discussed the incident with Railsback the day after the incident occurred. Appellant asserts that the trial court abused its discretion by overruling his challenge to Venireperson Redder for cause. A trial judge's ruling on a challenge for cause may be reversed only for a clear abuse of discretion. *Davis v. State*, 329 S.W.3d 798, 807 (Tex. Crim. App. 2010).

Article 35.16 of the Code of Criminal Procedure lists a number of reasons for which counsel may challenge a veniremember for cause. TEX. CODE CRIM. PROC. ANN. art. 35.16 (West 2006). Appellant acknowledges that he did not rely on a ground enumerated in Article 35.16 for challenging Venireperson Redder. The trial court may, however, in its sound discretion, grant challenges for cause for reasons not enumerated in Article 35.16. *See Maldonado v. State*, 998 S.W.2d 239, 248 n.14 (Tex. Crim. App. 1999) ("[C]hallenges not based upon a ground specifically enumerated in Article 35.16 are addressed to the sound discretion of the trial judge."). In this instance, the facts must show that the prospective juror would be "incapable or unfit to serve on the jury." *Mason v. State*, 905 S.W.2d 570, 577 (Tex. Crim. App. 1995) (quoting *Allridge v. State*, 850 S.W.2d 471, 484 (Tex. Crim. App. 1991)) (internal quotation marks omitted.). When a prospective juror states that he believes he can set aside any influences he may have, and the trial court overrules a challenge for cause, we review the trial court's decision in light of all of the answers given by the prospective juror. *Anderson v. State*, 633 S.W.2d 851, 854 (Tex. Crim. App. [Panel Op.] 1982). In conducting our review, we must be mindful that the trial court had the opportunity to observe the demeanor and tone of voice of a prospective juror. *Gonzales v. State*, 353 S.W.3d 826, 831 (Tex. Crim. App. 2011).

At the conclusion of the voir dire examination, Venireperson Redder approached the bench and stated that she realized that she knew about the case. Venireperson Redder told the trial court that the day after the incident, she was over at Railsback's home delivering furniture. Railsback told Venireperson Redder what had happened. The trial court asked Venireperson Redder if she had her mind made up. Venireperson Redder replied, "No. I haven't heard the other side of the story so I don't know." Appellant's trial counsel then attempted to strike

Venireperson Redder for cause. Venireperson Redder was asked if she could set aside what she had heard and just listen to the evidence in the courtroom. Venireperson Redder replied in the affirmative and stated that she would base her verdict solely on the evidence.

The trial court concluded that Venireperson Redder was qualified. Appellant's trial counsel renewed his challenge for cause and requested an additional peremptory strike based on the trial court's denial of his challenge to Venireperson Redder.[1] The trial court denied Appellant's request for an additional strike. Trial counsel subsequently exercised a peremptory strike on Venireperson Redder. Appellant's trial counsel also stated on the record that, because the trial court denied his two challenges for cause but only gave him one additional peremptory strike, two veniremembers were on the jury that Appellant would have struck. To preserve an objection to the denial of a challenge for cause, counsel must (1) exercise a peremptory challenge on the objectionable veniremember; (2) exhaust all peremptory challenges; (3) request, and be denied, additional peremptory challenges; and (4) identify another objectionable juror who sat on the case because counsel used all his peremptory challenges. *Johnson v. State*, 43 S.W.3d 1, 5–6 (Tex. Crim. App. 2001). Accordingly, counsel properly preserved error. *Id.*

Venireperson Redder acknowledged that she knew Railsback and that she had heard the story from Railsback the day after the incident. However, both the trial

---

[1]We note that Appellant also sought to strike a different veniremember. The trial court denied Appellant's challenge for cause on that prospective juror but did give him an additional peremptory strike pertaining to that challenge. Appellant does not challenge the trial court's ruling as to the other veniremember. "When a defendant has been granted one additional peremptory challenge, then he could not have been effectively deprived of a statutorily allotted peremptory challenge from the trial court's erroneous denial of only one defense challenge for cause." *Gonzales*, 353 S.W.3d at 831.

court and Appellant's trial counsel questioned Venireperson Redder about whether she had made up her mind and whether she would consider evidence not presented at trial. Venireperson Redder responded that she would base her verdict solely on the evidence adduced at trial and that she had not made up her mind because she had not heard the whole story. There is no requirement that a prospective juror be completely ignorant of the facts of the case. *Cockrum v. State*, 758 S.W.2d 577, 589 (Tex. Crim. App. 1988); *Nethery v. State*, 692 S.W.2d 686, 694 (Tex. Crim. App. 1985). The sole question is whether a juror can put aside prior knowledge and opinion and render an impartial verdict. *Cockrum*, 758 S.W.2d at 589. However, the juror must set aside prior knowledge and render an impartial verdict based on the evidence at trial. *Id.* After reviewing the record as a whole, we conclude that the trial court did not abuse its discretion when it overruled Appellant's challenge for cause to Venireperson Redder or when it denied Appellant's request for an additional peremptory strike for having to exercise one on Venireperson Redder. We overrule Appellant's third issue.

### *This Court's Ruling*

We affirm the judgment of the trial court.


JOHN M. BAILEY

JUSTICE


April 14, 2016

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.